STATE of Iowa, Appellee,

v.

Frankie Carl DIDLEY, Appellant.

No. 60640.

Supreme Court of Iowa.

April 19, 1978.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for two counts of delivery of heroin in violation of § 204.401(1), The Code, 1975. The sole question is whether the trial court erred in overruling defendant's motion to direct a verdict on the ground of the State's failure to offer substantial evidence the deliveries were made with an intent to make a profit.

The alleged offenses occurred in July 1976. Pursuant to the amendment to § 204.410, The Code, 1975, by Acts 66 G.A. Ch. 1245, ch. 4, § 231, effective July 1, 1976, it was incumbent upon the State to offer evidence from which the jury could find the alleged deliveries were made "for the purpose of making a profit" in order to convict defendant of the major offense. See *State v. Metcalf*, 260 N.W.2d 857 (Iowa 1977). It was thus essential for the State to adduce substantial evidence from which the jury could find defendant conducted the transactions with an intent to obtain "the excess of returns over expenditures." *State v. McNabb*, 241 N.W.2d 32, 35 (Iowa 1976).

The evidence showed a typical undercover purchase of heroin. Defendant urged the agent and a companion of the agent named Palmer to buy a "tablespoon" quantity from him so that they in turn could "cut it again" and make a "hefty profit on it." When the agent offered $250 for his one-half tablespoon, defendant told him he "needed the weekend to recop, * * * which means he would be purchasing." The agent subsequently purchased "a pill", a single dosage unit, for $30 as a sample to check its quality. He and Palmer were to meet defendant later that date for the larger transaction.

Palmer failed to appear. The agent testified:

Mr. Didley stated he was very displeased with Mr. Palmer because he had heard the night before Mr. Palmer had gambled the money that he was to use to cop this heroin with away, his share, $250, *and he complained this would cost him money if he couldn't sell it outright again in a quantity*. (Emphasis supplied).

Defendant refused to sell the agent one-half tablespoon of heroin but instead charged him $250 for seven foils or "pills" like the $30 sample previously purchased.

Defendant is right that no direct evidence was introduced that he obtained "an excess of return over expenditures" in these transactions. However, substantial circumstantial evidence was adduced from which the jury could find the State proved beyond a reasonable doubt he carried out these transactions "for the purpose of making a profit" within the meaning of the statute. Apart from the other circumstances of the transactions, defendant's complaint about delay costing him money tended to show his intent was to make money. The jury could find these were arms-length commercial transactions between a "wholesaler", defendant, and a purported "retailer" of heroin, the undercover agent, through which defendant sought pecuniary gain.

AFFIRMED.