STATE of Iowa, Appellee,

v.

Marvin Glen CORNELIUS, Appellant.

No. 63710.

Supreme Court of Iowa.

June 18, 1980.

Donald R. Ferree, Panora, for appellant.

Thomas J. Miller, Atty. Gen., and Shirley Ann Steffe, Asst. Atty. Gen., and Larry Brotherson, County Atty., for appellee.

Considered by REES, P. J., and UHLEN-HOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McGIVERIN, Justice.

Defendant Marvin Glen Cornelius appeals from his conviction of first-degree theft by deception in violation of sections 714.1(3) and .2(1), The Code 1979. He asserts the following: (1) that his motion for change of venue based on alleged prejudicial pretrial publicity should have been sustained; (2) error when the prosecutor inquired at trial into a matter that had been prohibited by a ruling sustaining defendant's motion in limine; and (3) that the evidence did not support essential elements of the charge. We affirm.

Defendant was charged with theft by deception in the first degree (in excess of $5,000) in violation of sections 714.1(3) and 714.2(1), The Code 1979, in connection with tree repair and pest spraying he had done for Winifred McKeon, age 85, in the summer of 1978. Jury trial on March 20 and 21, 1979, resulted in a guilty verdict. After sentence, defendant appealed.

Testimony at trial showed defendant made four visits to the Bayard, Iowa, home of McKeon in May, June, and July of 1978. He repaired a tree in her yard, then told her she had termites or borers in her tree and in her home. He then returned three more times, spraying the basement area and re-checking for termites. For his services he received from McKeon checks of $2,900, $3,100, $7,000 and $8,600, for a total of $21,600. McKeon testified defendant never presented her with a bill but just told her the amount to make the checks for or else he filled out the check himself. A professional exterminator who subsequently examined McKeon's house testified that there was no evidence of any prior termite or borer infestation in the house and that his company would have charged around $412 to spray and treat McKeon's house if she actually had termites.

Other facts will be stated later as they apply to the issues presented.

I. *The motion for change of venue.* Prior to trial, defendant filed a motion for change of venue alleging that such prejudice existed in Guthrie County that there was a substantial likelihood that defendant could not receive a fair and impartial trial there. Attached to the motion was defendant's personal affidavit claiming prejudice, which incorporated by reference three newspaper stories dealing with the charges filed against defendant, two from county newspapers (the *Guthrie Center Times* on January 17, 1979, and the *Bayard News* on January 18, 1979) and one from the *Des Moines Register* on January 24, 1979. The court overruled the motion. Defendant claims error.

Iowa R.Crim.P. 10(9)(b) applies to motions for change of venue and provides:

If the court is satisfied from a motion for change of venue and evidence adduced in support thereof that such prejudice exists in the county in which the trial is to be had that there is a substantial likelihood a fair and impartial trial cannot be had there, the court shall transfer the proceeding to another county in which no such situation exists.

The determinative question is whether a "substantial likelihood" existed that a fair and impartial trial could not be

had in Guthrie County due to dissemination of prejudicial material. Our review of the evidence bearing on that question is de novo to determine whether the trial court abused its discretion in ruling, in substance, that defendant failed to demonstrate a substantial likelihood he would not receive a fair and impartial trial. *State v. Paulsen*, 265 N.W.2d 581, 588 (Iowa 1976).

■ The entire record bearing on defendant's motion consisted of the motion, defendant's personal affidavit, the three newspaper articles and the court's ruling. The two county newspaper articles basically contained a factual account of the charge without detail. The *Des Moines Register* article contained another factual account although somewhat longer. These three articles are typical of those which appear when such an event occurs. They did not contain any deducible editorial comment.

■ Mere exposure to news accounts does not prove there is a substantial likelihood of prejudice in the minds of the prospective jurors in the county in which the trial is to be held. *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). Also, there is no showing in the record that any of the jurors read or knew of the articles.

Finally, the three articles appeared some two months before trial. There were not so inflammatory and pervasive as to make it likely defendant could not have a fair trial two months later. *Cf. State v. Pelelo*, 247 N.W.2d 221, 223 (Iowa 1976) (three months between publicity and trial); *State v. La-Matty*, 263 N.W.2d 559, 562 (Iowa Ct.App. 1977) (seven months between publicity and trial).

We hold the trial court did not abuse its discretion in overruling defendant's motion for change of venue.

II. *The motions for mistrial and new trial.* Prior to trial, the court sustained defendant's motion in limine to prohibit mention of a transaction between McKeon and defendant in September 1978 involving a separate crime. However, at trial while the prosecutor was examining McKeon, she said she had also seen defendant in August or October of 1978. The prosecutor asked, "Did he get a check then that date?" Defendant objected that this question went beyond the issues of the controversy and the court sustained the objection. No answer came in.

Thereafter, defendant cross-examined McKeon, another State's witness testified, and the State rested. Defendant then moved for a mistrial based on the ground that the question asked by the prosecutor was prejudicial when it inquired into matters relating to other transactions between McKeon and defendant. The court overruled the motion. The same point was raised in defendant's motion for new trial, which was also overruled.

Defendant claims that the matter had been excluded by the sustained motion in limine, damage was done by the question even though objection thereto was sustained, and a mistrial or new trial should have been granted. The State responds that defendant's motion for mistrial was not timely and preserved no error. We agree.

■■ A mistrial motion must be made when the grounds therefor first became apparent. *State v. Ware*, 205 N.W.2d 700, 702 (Iowa 1973). Here defendant should have asked for a mistrial when the allegedly prejudicial question was asked. He did not do so.

No error was preserved as to defendant's assignment relative to his overruled motion for mistrial or his motion for new trial based thereon, which therefore suffers the same infirmity.

III. *The motion for judgment of acquittal.* At the close of all evidence, defendant moved for a judgment of acquittal under Iowa R.Crim.P. 18(10)(a) on the ground the evidence was insufficient to support a jury verdict of guilty of the offense charged. The motion was overruled.

Section 714.1(3) provides in part:

A person commits theft when the person does any of the following:

.       .       .       .       .

3. Obtains . . . a transfer of possession, control or ownership of the property of another . . . by deception.

Relative to the essential elements of the offense charged, the court gave the jury instructions 6 and 7 as follows:

## INSTRUCTION NO. 6

You must find the defendant not guilty of the offense charged in the Information unless the State proves by evidence beyond a reasonable doubt each and all of the following elements:

1. That during the period May 12, 1978, through July 11, 1978, the defendant did represent to Winifred McKeon that there were termites or borers in the residence of the said Winifred McKeon.

2. That such was deception as defined in Instruction No. 7.

That by reason of the deception the defendant obtained from Winifred McKeon the possession or control of property.

If you find the State has proved beyond a reasonable doubt each and all of the elements, then you will find the defendant guilty and proceed to determine the degree of theft as explained to you in Instruction No. 8; but, if you find the State has failed to prove beyond a reasonable doubt one or more of the elements, then you shall find the defendant not guilty.

## INSTRUCTION NO. 7

With regard to element number 2 of instruction No. 6, you are instructed that "knowingly creating or confirming another's belief or impression as to the existence of a fact or condition which is false and which the actor does not believe to be true", is "deception."

In order for the State to prove "deception," it must establish beyond a reasonable doubt each of the following:

A. That the defendant knowingly made a representation that there were termites or borers in the residence of Winifred McKeon, which condition did not exist.

B. That the fact or condition which formed the basis of the representation was false.

This means that the representation that there were termites or borers present in the Winifred McKeon residence was false and untrue when it was so represented. It is not sufficient that it may now be untrue or that it became false at a time after it was represented as being true. It must have been false at the time it was made.

C. That the defendant believed the representation to be false.

This refers to whether, under the facts and circumstances as they existed at the time the representations were made the defendant believed them to be untrue.

D. That the defendant intended the representations to be relied on and by reason of the representation Winifred McKeon relied on its truthfulness.

If you find the State has failed to prove beyond a reasonable doubt one or more of the above lettered elements, then you will find the defendant not guilty; but, if you find the State has proved beyond a reasonable doubt each of the above lettered elements, then you shall consider the remaining elements of Instruction No. 6.

These instructions were based on Iowa Uniform Jury Instructions Nos. 1415 and 1416 (1978). *See* §§ 714.1(3) and 702.9(1), The Code. Defendant makes no objection to these instructions and we accept them as an accurate statement of the elements of the offense for the purposes of this case.[1]

Cornelius contends that the evidence did not show the following: (1) that he knew of

---

1. For discussions relating to the charge of theft by deception under section 714.1(3), see 4 Yeager and Carlson, *Iowa Practice, Criminal Law and Procedure* § 315, at 81–82 (1979) and J. P. Roehrick, *The New Iowa Criminal Code*: A Comparison 127 (1977). Compare these authorities with *State v. Warren*, 212 N.W.2d 509, 513 (Iowa 1973) (crime of false pretenses under the prior code).

the falsity of the representations he made; and (2) that McKeon relied on such representations. Therefore, he says, because these essential elements were not proven by sufficient evidence, his motion for judgment of acquittal should have been granted. The State responds that the evidence sufficiently supports submission of those elements to the jury.

In considering whether the evidence sufficiently supported submission to the jury of the elements attacked by defendant, we consider the following principles:

> If there is any substantial evidence tending to support the charge, the case should be submitted to the jury. . . . "For purposes of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative." . . "When the evidence is conflicting or the facts are not in dispute or contradicted, if reasonable minds may draw different inferences from them, a jury question is engendered." . . .
>
> In our recent case of *State v. Robinson*, 288 N.W.2d 337 (Iowa 1980) we held relative to the required quantum of evidence that "although Iowa courts view the evidence in the light most favorable to the prosecution they must consider *all* the evidence when determining the sufficiency of the evidence to support a guilty verdict." On that basis, the court must determine whether a rational juror, or trier of fact, could find guilt beyond a reasonable doubt.

*State v. Jones*, 289 N.W.2d 597, 600 (Iowa 1980) (citations omitted).

Defendant says that he did not testify and there was no other evidence that he knew of the falsity of his representations or that the victim relied on such false representations.

We believe there was sufficient circumstantial evidence from which the jury could infer that defendant knew his representations to McKeon relative to presence of termites or borers was false. In May 1978 defendant came to McKeon's residence and solicited the business of repairing a tree that had a split limb. At that time he told

her he thought she had borers in her house because there were some in the tree. He said he would test a sample of "waxy stuff" from the tree for borers. Defendant returned a day or two later with a sprayer and told her there were borers and that he saw borers in her house. He also said spraying was very expensive. Cornelius returned four or five times and sprayed her house and trees, staying one-half to two hours each time. He never gave her a bill, but did write out the amount or filled out the checks which the elderly McKeon signed. As a result, defendant collected $21,600 from McKeon. She paid the money because defendant told her it took that much money to check and spray. McKeon testified she would not have had the house and trees sprayed if defendant had not brought the allegedly positive sample back to her and told her about the alleged borers. In other testimony by representatives of a professional termite control company, their investigation of McKeon's house in January 1979 showed no evidence of any prior infestation of termites or wood-boring insects. Had the house been infested with termites, the company's cost of treatment would have been $412.

Viewed in the matter required by *State v. Robinson*, 288 N.W.2d at 340, we hold the record discloses ample evidence from which the jury might infer Cornelius knew of the falsity of his representations and that McKeon relied on his false representations. The court correctly overruled defendant's motion for judgment of acquittal.

Because we find no reversible error, the case is affirmed.

AFFIRMED.