STATE of Iowa, Appellee,

v.

James Robert HECK, Appellant.

No. 63774.

Supreme Court of Iowa.

Feb. 18, 1981.

Wayne H. McKinney, Jr., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Roxanne Ryan, Asst. Atty. Gen., and Dan Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and McGIVERIN, JJ.

HARRIS, Justice.

The defendant assigns five errors in this appeal following his convictions on three counts of delivery of a controlled substance in violation of section 204.401(1), The Code 1979. We find no merit in any of the five assignments and affirm the trial court.

On three separate occasions, August 20, 1978, September 13, 1978, and September 15, 1978, a police informant, using cash furnished him by police officers, purchased cocaine from the defendant. The first two purchases were made at the defendant's apartment. The third purchase was made at the informant's apartment. On each occasion the defendant sold the undercover agent one bindle of cocaine. A witness at trial explained that a bindle of cocaine is a packet containing one gram of the substance. On August 20 defendant was paid $110 for the bindle. On September 13 he was paid $125 for the bindle and on September 15 he was paid $240 for two bindles.

It will be more helpful to explain additional facts as they relate to the specific assignments.

■ I. In one assignment the defendant complains that the Polk County attorney's office engaged in selective and discriminatory prosecution when they refused to reduce the charge against the defendant. This is the identical contention we rejected in *State v. Durrell*, 300 N.W.2d 134, 136 (Iowa 1981). There is no need to repeat what was said there. The contention is without merit.

II. During his opening statement to the jury the prosecutor said that a police officer would testify that a person selling a gram of cocaine for $110, as defendant did, would make a profit. Defendant objected to the argument and the trial court declared a recess to hear arguments on the complaint. After hearing arguments the trial court sustained the objection and ruled that the statement was improper. The jury was thereafter admonished to ignore the statement.

■ Notwithstanding the favorable trial court ruling the defendant now insists he should be granted a new trial. He did not move for one at the time the objection was lodged.

Even if we were to believe there was some impropriety in the remark, we easily find no abuse of the trial court's discretion. We have long held that a trial court has wide discretion in granting or denying a motion for mistrial. We intervene only where this discretion is abused. There is abuse only if it is shown that the discretion was exercised for reasons clearly untenable, or to an extent clearly unreasonable. *State v. Trudo*, 253 N.W.2d 101, 106 (Iowa 1977), cert. denied, 434 U.S. 903, 98 S.Ct. 299, 54 L.Ed.2d 189 (1977). Defendant's motion for a new trial was properly overruled.

■ III. The State called a narcotics officer as a witness for the prosecution. After the officer was qualified as an expert witness on the subject of narcotics the following occurred:

Q. From your experience with the price of illegal drugs and the price of cocaine, how much would a dealer normally pay for a quarter-ounce of cocaine?

MR. McKINNEY: Objection, Your Honor. This is outside the proper grounds for an expert witness.

THE COURT: Overruled.

A. If you're going to purchase a quarter-ounce, you would pay anywhere from five fifty to six hundred fifty dollars, at average, for a quarter-ounce. Sometimes—rarely—you would pay more, and very possibly, if you knew someone, you might get it for less. But generally, you would pay anywhere from five fifty to six fifty for a quarter-ounce.

In urging a reversal the defendant concedes that a properly qualified witness may testify to customs and practices of those who deal in narcotics, citing *State v. Boyd*, 224 N.W.2d 609, 613 (Iowa 1974). Nevertheless, defendant argues:

The aforementioned evidence exceeds the proper scope or grounds that an expert witness may testify [respecting] customs and practices of those who deal in narcotics. It is not mere circumstantial evidence to prove intent of the defendant to profit, an essential element of the crime, but in effect it goes to the actual guilt of the defendant.

Defendant relies on our opinion in *State v. Oppedal*, 232 N.W.2d 517, 524 (Iowa 1975). The reliance is unjustified. In *Oppedal* we held it was improper to allow a narcotics officer to testify that certain marijuana seized from the accused's apartment was possessed by him with intent to deliver. Our holding in *Oppedal* was consistent with a longstanding rule that

> expert testimony is admissible as to the cause which produced, probably produced or might have produced a certain physical condition or result, provided, however, no witness should be permitted to give his opinion directly that a person is guilty or innocent, or is criminally responsible or irresponsible, as these are mixed questions of law and fact and not subjects of opinion testimony.

*State v. Jiles*, 258 Iowa 1324, 1331, 142 N.W.2d 451, 455 (1966).

Here the question did not call for an ultimate statement of defendant's guilt or innocence. Rather the question called only for the going price of cocaine, evidence of which would be useful to the jury in determining whether the State had established the profit element of the offense. *State v. Johnson*, 224 N.W.2d 617, 622–23 (Iowa 1974), and *State v. Johnson*, 237 N.W.2d 819, 823–24 (Iowa 1976). The question here was a proper subject for expert testimony. The assignment is without merit.

IV. In another assignment defendant argues that he should be resentenced as a class D felon and that his sentencing for a class C felony was improper. Defendant points to section 204.401(1), The Code 1979, which provides in part that delivery of "a substance classified in schedule I or II which is a narcotic drug" is a class C felony, but that delivery of "any other controlled substance classified in schedules I, II, or III," is a class D felony.

The substance delivered by defendant was cocaine. There was no evidence offered at trial to show cocaine is a narcotic.

The problem with defendant's position on this assignment, as we explained in *State v. Monroe*, 236 N.W.2d 24, 32 (Iowa 1975), is that cocaine is a narcotic drug by reason of the statute. § 204.101(17)(d). It is not necessary for the State to prove cocaine is a narcotic as a matter of chemistry. It does not hurt the State's position if cocaine is not, chemically, a narcotic. This is true because the felony definition is statutory and not factual. Under our holding in *Monroe*, the legislature has the authority to define cocaine as a narcotic drug for purposes of the criminal statute even though experts in the field might disagree.

Defendant is not entitled to resentencing as a class D felon.

V. Defendant separately argues that he is entitled to resentencing because of a bifurcated procedure adopted by the trial court. At defendant's sentencing hearing the State produced evidence in an effort to prove the narcotic nature of cocaine. Defendant argues that this procedure violated his right to due process because it was without prior notice of the testimony to be presented.

It is to be conceded that the effort of the State to make this showing at the time without notice would be ineffective to establish anything necessary as an element of defendant's guilt. The procedure, though perhaps erroneous, was harmless because it was meaningless.

As explained in the preceding division cocaine is a narcotic drug under the Iowa statute. It is not necessary to show, as an element of the offense, that cocaine is a narcotic drug. *State v. Didley*, 264 N.W.2d 732, 733 (Iowa 1978); *State v. Osmundson*, 241 N.W.2d 892, 893 (Iowa 1976). The evidence at the sentencing hearing was therefore gratuitous and does not entitle defendant to a reversal.

As all of defendant's assignments are without merit the judgment against him is affirmed.

AFFIRMED.