STATE of Iowa, Appellee,

v.

Wesley HASKINS, Appellant.

and

Wesley HASKINS, Appellant,

v.

STATE of Iowa, Appellee.

Nos. 66122, 65234.

Supreme Court of Iowa.

March 17, 1982.

Robert J. Kromminga, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Michael Jordan, Asst. Atty. Gen., and Dan Johnston, Polk County Atty., for appellee.

Considered by LeGRAND, P. J., and HARRIS, ALLBEE, LARSON, and SCHULTZ, JJ.

HARRIS, Justice.

These consolidated appeals are from defendant's jury conviction of first degree robbery (§§ 711.1 and 711.2, The Code 1979) and from the denial of his subsequent petition for postconviction relief. Because the outcome of the trial was not affected by the matters of which Haskins complains we affirm the trial court.

■ I. Haskins strongly complains of the tactics employed by the prosecutor. He points to a number of incidents which, taken together, he believes entitled him to a mistrial. The first of these incidents was a very suggestive identification procedure which was carried out by ruse. The second incident occurred during the opening statement by the prosecutor when he mentioned that the police had found a hypodermic needle, used for injecting heroin, implying defendant's bad character. Defendant also says the prosecutor repeatedly asked leading and suggestive questions and questions calling for hearsay. He complains that the prosecutor repeatedly editorialized in front of the jury, rather than making objections, in order to prejudice the jury against him and to suggest answers for the witnesses. He also charges that the prosecutor improperly displayed certain exhibits, including a revolver which was admitted into evidence and a container holding the hypodermic needle which was not admitted into evidence.

It would unnecessarily extend this opinion to detail and treat these complaints. Suffice it to say the trial court did not abuse its considerable discretion in ruling on defendant's various objections. In order to be entitled to a mistrial for prosecutorial misconduct there must be a showing of misconduct and also a showing of resulting prejudice. *State v. Harrington*, 284 N.W.2d 244, 251 (Iowa 1979). On oral submission of this appeal defendant's counsel conceded what is apparent to us. None of the errors complained of affected the outcome of the trial.

A new trial is not sought by reason of any hope of avoiding another conviction. The purpose of a reversal, it is urged, is to deter the prosecutor from such tactics in the future. To be sure, a number of the challenged trial tactics deserve no commen-

dation. Our cases on prosecutorial misconduct, such as *Harrington*, spell out the rules with sufficient clarity. But, while the conduct here might be subject to criticism, it is not grounds for a reversal. The case for the State does not belong to the prosecutor; it belongs to the public. There should be a reversal only if the defendant was *prejudiced* by some unfairness he can point to. He cannot and hence the assignment is without merit.

■ II. Haskins also complains of the trial court's refusal to suppress identification evidence. The victim tavern owner was robbed by a person whom he was unable to positively identify from photographs shown him by the police. He did however identify the defendant when he later observed him at the Polk County courthouse under circumstances the defendant considers to be trickery.

At defendant's request the victim appeared at the courthouse to give his deposition. After being told the deposition was not necessary the victim remained at the courthouse with two detectives. Subsequently the defendant was brought to the grand jury room, dressed in prison garb, handcuffed, and accompanied by a detective. As he passed the victim and the two detectives in the hall one of the detectives asked the victim if he recognized the defendant. The victim positively identified the defendant. No lineup was conducted in the case.

The analysis of the challenge is twofold: (1) Was the out-of-court identification procedure impermissibly suggestive and (2) if so, did it give rise to a very substantial likelihood of irreparable misidentification? *State v. Mark*, 286 N.W.2d 396, 403–04 (Iowa 1979).

The procedure here was unquestionably suggestive but defendant fails on the second step of the analysis. There was no substantial likelihood of irreparable misidentification. The victim's courtroom identification of the defendant was unequivocal and derived directly from his observations at the time of the robbery. *See State v. Houston*, 206 N.W.2d 687, 691–92

(Iowa 1973). The trial court did not err in admitting the identification testimony.

III. The court instructed the jury on defendant's flight following the robbery, using Iowa Uniform Jury Instruction 214. Defendant argues the instruction should not have been given because it highlights conduct which has ambiguous meaning and shifts the burden of proof by forcing defendant to provide reasons for his conduct. He also argues there was insufficient evidence to give the instruction because there was no evidence that when he fled he knew he had been charged with a crime. He argues alternatively that, if the evidence was sufficient, language should have been added that he voluntarily returned to Iowa. The contentions are without merit.

■ An inference of guilt may be drawn from flight for the purpose of avoiding or retarding prosecution. *State v. Poyner*, 306 N.W.2d 716, 719 (Iowa 1981); 1 Wharton, Criminal Evidence, § 143 (13th ed. Torcia 1972). The fact that it was not shown defendant knew he had been criminally charged does not detract from the appropriateness of the instruction. *State v. Bige*, 195 Iowa 1342, 1347–48, 193 N.W. 17, 20 (1923). Finally we believe the court's instruction on flight was adequate; it was not necessary to add the language defendant proposed. Certainly evidence of defendant's voluntary surrender might bear on the inference of guilt arising from evidence of flight. But the instruction as given accorded the defendant the opportunity to present the explanation he sought to urge upon the jury. This is all that is required. *State v. Cunha*, 193 N.W.2d 106, 111 (1972).

■ IV. In the separate consolidated appeal Haskins seeks a review of the trial court's denial of his petition for postconviction relief. The trial court denied his petition in an order entered October 29, 1980. Defendant's notice of appeal from that ruling was not filed until December 30, 1980. This was more than sixty days from the date of entry of the trial court judgment. Because the notice of appeal was untimely

we are without jurisdiction to review the postconviction judgment. *Jensen v. State*, 312 N.W.2d 581, 582 (Iowa 1981); *Nuzum v. State*, 300 N.W.2d 131, 133–34 (Iowa 1981).

AFFIRMED.