STATE of Iowa, Appellee,

v.

Charles N. CHADWICK, Appellant.

No. 68113.

Supreme Court of Iowa.

Jan. 19, 1983.
Rehearing Denied Feb. 2, 1983.

Anthony S. Troia, Omaha, Neb., for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., Sarah Coats, Student Legal Intern, David E. Richter, County Atty., and Joseph Hrvol, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ and CARTER, JJ.

McGIVERIN, Justice.

This is a direct appeal by defendant Charles N. Chadwick from conviction after jury trial of two counts of first-degree murder. Iowa Code § 707.2 (1981). Defendant contends that the following assigned errors require that he be given a new trial:

(1) trial court's failure to sustain defendant's motion for change of venue;

(2) prosecutorial misconduct;

(3) admission into evidence of photographs and a lead bullet core;

(4) the giving of a "flight" instruction to the jury; and

(5) overruling defendant's motion for a new trial.

We find no reversible errors in those raised by defendant and affirm his convictions.

On the morning of September 16, 1981, Stanley Fisher, Jr., and his mother, Kate Fisher, were shot to death on a highway in Pottawattamie County. The shootings occurred in front of a rural Council Bluffs home while a witness, Connie Vanacek, and her three-year-old son were outside tending to their rabbits. Vanacek saw a red Toyota truck turn around in her driveway and shortly thereafter two sportscars pulled up; she heard shots and hid behind the rabbit hutches with her son. As soon as the Toyota truck pulled out of the driveway, Vanacek called the authorities.

Immediately after Vanacek's report was radioed to officers on patrol, an officer in an unmarked car observed a red Toyota truck heading away from the scene of the shootings. A high-speed chase ensued. In the course of the chase, the officer noticed what appeared to be a gun thrown out of the Toyota's window. The truck ran a road block and successfully eluded police until cut off at an interstate highway entrance ramp, where shots were fired at the truck as it went by. Defendant, the driver of the truck, and a passenger, John Lee Hrbek, were arrested.

The Toyota truck and the victims' cars were searched; no weapons were found in the cars, but several were found in the truck and a gun was found at the location where the pursuing officer had seen an object thrown from the truck. At the trial, no motive for the killings was shown.

I. *Change of venue.* Defendant's trial was held shortly after Hrbek's, and defendant contends that extensive media publicity following the arrest and during Hrbek's trial necessitated a change of venue of his trial. Defendant so moved. After hearing, the court overruled defendant's motion.

Our review is a de novo determination of whether the trial court abused its discretion by ruling, in substance, that defendant failed to demonstrate a "substantial likelihood" he would not receive a fair and impartial trial in Pottawattamie County. Iowa R.Crim.P. 10(9)(b); *State v. Cornelius,* 293 N.W.2d 267, 269 (Iowa 1980).

The entire record bearing on defendant's motion consisted of defendant's personal af-

fidavit and the testimony of two local defense attorneys and a reporter for the *Omaha World Herald* newspaper. None of the allegedly prejudicial media accounts was introduced into the record.

From the witnesses' testimony, it is apparent that none of the media accounts stated that defendant was guilty. Additionally, the two attorneys testified that they were unable to remember which facts they had gleaned from the media and which they had learned while discussing the case with the county attorney's office and other defense lawyers. The record before us belies any assertions that defendant was "tried in the press."

■■■ Voir dire examination of the jury was not court reported. A different jury panel was used for defendant's trial than for Hrbek's trial. The trial court observed that of thirty-five prospective jurors, seven were challenged for cause and excused. The court noted, however, that "only [two] of them were . . . excused because of any prior knowledge of the situation or because they . . . felt they had reached some mental conclusions that interfered with [their] . . . being fair and impartial jurors." Mere exposure to news accounts does not prove a substantial likelihood of prejudice. *Id.* Voir dire of prospective jurors should be trusted to expose any substantial prejudices among the jurors. *See United States v. Lamb,* 575 F.2d 1310, 1315 (10th Cir.), *cert. denied sub nom. Clary v. United States,* 439 U.S. 854, 99 S.Ct. 165, 58 L.Ed.2d 160 (1978); *United States v. Harris,* 542 F.2d 1283, 1294–96 (7th Cir.1976) *cert. denied sub nom. Clay v. United States,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977); *State v. Marr,* 316 N.W.2d 176, 181 (Iowa 1982).

■■■ We conclude the trial court did not abuse its discretion in overruling defendant's motion for change of venue.

II. *Prosecutorial misconduct.* Defendant points to two isolated and unrelated incidents which he contends deprived him of a fair trial: (1) the prosecutor allowed photographs, which had not been admitted into evidence, to lie uncovered on the prosecutor's table; and (2) the prosecutor allegedly interrogated a defense witness improperly. We find no merit in these contentions.

■■■ Prosecutorial misconduct entitles a defendant to a new trial only when it appears to have been so prejudicial as to deprive defendant of a fair trial. *State v. Williams,* 315 N.W.2d 45, 55 (Iowa 1982). We will intervene only if the trial court abuses the broad discretion which it has to determine whether prejudice results. *Id.* On appeal, the defendant must be able to point to some unfairness which resulted in prejudice. *See State v. Haskins,* 316 N.W.2d 679, 681 (Iowa 1982).

■■■ Defendant cannot satisfy his burden. The incidents complained of were isolated ones and were corrected after objections were raised. Because the trial court has the opportunity to observe the matters complained of and ascertain their effect, if any, on the jury, it is in a better position than the appellate court to determine if prejudice resulted from the conduct of the prosecutor. *Williams,* 315 N.W.2d at 56. On the record before us, we conclude that even when considered collectively, these two incidents did not deprive defendant of a fair trial.

III. *Prejudicial exhibits.* The murders of Stanley and Kate Fisher were, by all accounts, "gruesome." It follows, therefore, that much of the State's evidence was also of an unpleasant nature. Defendant claims that the admission of two photographs of the victims at the scene of the murders and the admission of a lead bullet core were unduly prejudicial and lacking in probative value.

■■■ The test for admission of such evidence is two-fold: (1) the evidence must be relevant and (2) if the evidence is relevant the trial court must determine whether the probative value of the exhibits outweighs the prejudice which would be caused by

their admission into evidence. *State v. Fuhrmann,* 257 N.W.2d 619, 624–25 (Iowa 1977). The admissibility of the evidence is a matter for the exercise of the trial court's discretion. *State v. Clark,* 325 N.W.2d 381, 384 (Iowa 1982).

■ A. *Relevancy.* "The test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without such evidence. Irrelevant evidence is that which has no logical tendency to establish any material proposition." *State v. Mark,* 286 N.W.2d 396, 410–11 (Iowa 1979) (citations omitted).

■ We do not find an abuse of discretion in the court's finding of relevancy. Both photographs were relevant in that they demonstrated the paths of the fatal bullets in accordance with testimony of the State's witnesses. Thus the photographs could have aided the jury in evaluating that testimony. The bullet slug was found lodged in the car driven by Kate Fisher at the end of the trajectory which authorities traced from one of the wounds in her body. Moreover, in light of the testimony of the State's expert about the slug, the jury could conclude that it had been fired from the gun found in the area where the pursuing officer observed a gun being tossed from the red Toyota.

■ B. *Prejudice.* Defendant also contends that the prejudicial nature of the photographs of the victims outweighed their probative value. Of course, the photographs were grisly and gruesome, that was an unavoidable result of the crime; but this does not render them inadmissible. *State v. Coburn,* 315 N.W.2d 742, 746 (Iowa 1982). The trial court attempted to limit the impact of the photographs on the jury by admitting only one photograph of each victim. The probative value of these photographs was not outweighed by potential prejudice to defendant.

We find no merit in this assignment raised by defendant.

IV. *Flight instruction.* Defendant next asserts that the court erred in giving instruction 19, the Uniform Jury Instruction on flight. At his trial defendant objected to the proposed instruction "because the Defense does not see the necessity of putting this particular instruction in for the jury to consider since, I believe, all the elements of the particular allegations of [the] crime have been stated in other instructions." Defendant's objection was overruled.

■ Now, on appeal, defendant argues that the flight instruction was improper "in that it failed to expressly and adequately instruct the jury in light of the peculiar facts of the case, that they should consider that there may be reasons for fleeing which are wholly consistent with innocence." This is not the complaint which was raised at trial and cannot be considered by us now. A defendant is bound by the objection he makes at trial. *State v. Williams,* 256 N.W.2d 207, 209 (Iowa 1977).

■ In order to preserve error, a defendant must object specifically to the instruction so that the trial court has an opportunity to rule on or correct the error which is now argued in this court. Iowa R.Civ.P. 196; Iowa R.Crim.P. 18(5)(f); *State v. Rouse,* 290 N.W.2d 911, 915 (Iowa 1980). In the present case, the trial court ruled on an objection which claimed that instruction 19 was *cumulative* of other instructions and therefore not required. We, however, are faced with the contention that instruction 19 was *not sufficiently particular* to properly advise the jury of the applicable law, and that it shifts the burden of proof to the defendant. Consequently, error was not preserved and we do not consider the matter further.

V. *Motion for new trial.* The last issue raised by defendant is that the trial court erred in overruling his motion for a new trial. Five separate grounds for a new trial were raised: (1) failure to grant the motion for a change of venue; (2) prosecutorial

misconduct; (3) improper admission of the photos and bullet core; (4) improper conduct connecting a juror and a third person; and (5) jury deliberation that was too brief.

We have already discussed the first three grounds and have found them to be without merit. See divisions I, II and III above. We now address the last two grounds.

A. *Juror misconduct.* At the post-trial hearing, defendant's wife testified that on more than one occasion, she had seen a juror's husband talk to Stanley Fisher, Sr. (the husband and father of the victims) and then speak to the juror. The juror was not identified by Mrs. Chadwick and defendant introduced no further evidence to substantiate this claim of misconduct. There was no evidence as to what was said by any of the persons viewed by Mrs. Chadwick.

We have stated often that a trial court has broad discretion in determining whether alleged juror misconduct justifies a new trial. *State v. Feddersen,* 230 N.W.2d 510, 514 (Iowa 1975). Abuse of this discretion will be found only if it is shown that the discretion was exercised for reasons clearly untenable. *State v. Heck,* 301 N.W.2d 741, 742 (Iowa 1981).

The trial court found no evidence that the unidentified juror had violated the admonition not to discuss the case with family or friends. We conclude that the trial court did not abuse its discretion.

B. *Jury deliberations.* The jury found defendant guilty of two counts of first-degree murder after deliberating for one hour and twenty-nine minutes. Contrary to defendant's contentions, the short duration of the deliberations does not entitle him to a new trial. *Lappe v. Blocker,* 220 N.W.2d 570, 574 (Iowa 1974) (as a general rule, shortness of jury deliberations has no effect upon the validity of either a civil or criminal verdict).

Our rules of criminal procedure do not prescribe a minimum period of deliberations. *See* Iowa R.Crim.P. 18(5)(h). There is no evidence in the record that the jury had any reason to hasten its verdict or that it took its duties lightly. The instructions were read to the jury and it heard all the evidence; the jury has the discretion to deliberate for whatever reasonable period of time it deems necessary to consider the case. The trial court did not err in overruling defendant's motion for a new trial.

After considering all of defendant's contentions, we find them without merit. We conclude that defendant had a fair trial. His convictions are affirmed.

AFFIRMED.