**STATE of Iowa, Appellee,**

v.

**Michael P. GAVIN, Appellant.**

**No. 83–810.**

Supreme Court of Iowa.

Jan. 16, 1985.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., and William E. Davis, Scott Co. Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendant Michael P. Gavin appeals from his conviction by jury of first-degree murder, second-degree kidnapping, and second-degree theft in violation of Iowa Code sections 707.2, 710.3, and 714.2 (1981). We affirm.

Defendant's main contention on appeal is that, because some of the jury panel members were aware that the trial about to begin was a retrial, and because the jury itself had reason to know this, he was denied his right under the sixth and fourteenth amendments to the United States Constitution to trial by a fair and impartial jury. We find this contention without merit.

Because the ruling defendant appeals from was a denial of his motion for change of venue, our review is de novo. *State v. Hickman*, 337 N.W.2d 512, 514 (Iowa 1983). De novo review is also indicated because of the constitutional issue raised by defendant. *State v. Phams*, 342 N.W.2d 792, 795 (Iowa 1983). We find the relevant facts to be as follows.

I. *Background of the case.* On January 19, 1983, this court reversed defendant's conviction for first-degree murder, first-degree kidnapping, and second-degree theft, resulting from an incident of February 18, 1981, on the grounds that the State improperly used defendant's prior conviction for escape to impeach him when he testified in his own defense. *See State v. Gavin*, 328 N.W.2d 501 (Iowa 1983). The case was remanded for further proceedings. Prior to retrial, defendant sought and was granted a change of venue from Scott County to Cedar County for the purpose of avoiding jury prejudice resulting from publicity attending the first trial. Iowa R.Crim.P. 10(10)(b).

On May 15, the day before the retrial was to begin in Cedar County, the Cedar Rapids Gazette published a news story setting forth the circumstances of the retrial and summarizing the evidence presented at the original trial.

Voir dire of the jury panel was conducted the next day. Examination of the prospective jurors revealed that some of them knew that the case about to be tried was a retrial. Several of them had read the Gazette article, and a few remembered defendant's case from media accounts of the first trial. Some of the panel members said that the fact that this trial was a retrial, as well as the recent change of venue and some other facts about the nature of the case, had been discussed by members of the panel before the voir dire. However, of the panel members who professed any prior knowledge of the case, all but a few stated that they believed they could nonetheless render an impartial verdict on the basis of evidence presented at trial and without reference to prior knowl-

edge. Those who averred otherwise were excused for cause.

On the basis of the voir dire, defendant expressed his belief that an impartial jury could not be selected from the panel and moved that either the panel be struck, a mistrial be declared, or a further change of venue be granted. The motion was denied and the trial proceeded.

At trial, one State witness and the defendant himself, testifying in his own behalf, made two brief and apparently inadvertent references to defendant's previous trial. In view of these references, defendant renewed his motion for mistrial, striking of the panel, or change of venue on the grounds that the jury was now aware that the case before it was a retrial. The motion was again denied.

The jury found defendant guilty of first-degree murder, second-degree kidnapping, and second-degree theft. This appeal followed.

II. *The jury prejudice issue.* Defendant contends that the denial of his motions discussed above deprived him of his right, guaranteed by the sixth and fourteenth amendments to the United States Constitution, to trial by a fair and impartial jury. We do not believe that the facts of this case bear this contention out.

 A defendant who urges jury prejudice as grounds for overturning a criminal conviction must show actual prejudice on the part of the jury, unless, under the circumstances, the publicity attending the trial was so pervasive and inflammatory that prejudice must be presumed. *State v. Marr,* 316 N.W.2d 176, 181 (Iowa 1982).

Defendant here does not attempt to show, on the basis of the record, that any particular juror harbored any specific prejudice against him. The substance of his argument seems to be that if jurors or members of a jury panel can be charged with the knowledge that the case before them is a retrial, then they must be presumed to be prejudiced.

 We do not agree. "Impartiality ... does not mean complete juror igno-rance of issues and events." *United States v. Garza,* 664 F.2d 135, 138 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1620, 71 L.Ed.2d 854 (1982), *quoted in State v. Marr,* 316 N.W.2d at 180. The mere fact that a juror has been exposed to information concerning the case does not justify the conclusion that the juror is prejudiced. *State v. Cornelius,* 293 N.W.2d 267, 269 (Iowa 1980). For the purpose of determining juror prejudice, the relevant question is not what a juror has been exposed to, but whether the juror holds such a fixed opinion of the merits of the case that he or she cannot judge impartially the guilt or innocence of the defendant. *See Patton v. Yount,* 467 U.S. ——, ——, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847, 856 (1984). We are satisfied by our review of the voir dire transcript that no such fixed opinions were held by the persons ultimately selected to constitute the jury. Nor can we conclude on the basis of this record that any fixed opinion as to the merits of the case was implanted in any juror's mind as a result of the brief courtroom references to defendant's previous trial.

 It is true that extensive and inflammatory publicity concerning a trial can give rise to a presumption of prejudice. *See id.* at ——, 104 S.Ct. at 2889, 81 L.Ed.2d at 854; *Estes v. Texas,* 381 U.S. 532, 542–43, 85 S.Ct. 1628, 1632–33, 14 L.Ed.2d 543, 550–51 (1968). In such a case a defendant is relieved of the burden of showing actual jury prejudice. *See State v. Marr,* 316 N.W.2d at 181. However, defendant's attempt to bring this case within that rule falls far short. The publicity to which our attention is directed consists of a single news story, published in one newspaper the day before the trial was to begin. The story stated that defendant's retrial was to begin the following day and recited in straightforward fashion the circumstances of defendant's first trial and appeal. Defendant does not urge that the article contained any factual inaccuracies or editorial comment. It clearly did not rise to the level of pervasive and inflammatory publicity needed to give rise to a presumption of

jury prejudice. *See State v. Marr*, 316 N.W.2d at 181.

We find no merit to defendant's claim that he was denied his federal constitutional right to trial by a fair and impartial jury. The case is affirmed.

AFFIRMED.