# IN THE COURT OF APPEALS OF IOWA

No. 14-1922
Filed June 15, 2016

**CHARLES CHADWICK,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Pottawattamie County, James M.
Richardson, Judge.

A defendant brings an action for postconviction relief and requests a new
trial. **AFFIRMED.**

Susan R. Stockdale, Windsor Heights, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant
Attorney General, for appellee State.

Considered by Potterfield, P.J., Mullins, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Charles Chadwick appeals the district court's summary dismissal of his application for postconviction relief (PCR). In 1982, Chadwick was convicted of two counts of first-degree murder. Those convictions were affirmed on appeal. *See State v. Chadwick*, 328 N.W.2d 913, 918 (Iowa 1983).

Chadwick filed this, his fourth PCR action, on June 10, 2013. In it, he contends the supreme court's holding in *State v. Smith*, 739 N.W.2d 289, 295 (Iowa 2007) has retroactive effect and he should be granted a new trial as a result.[1] Our threshold question in considering whether due process requires a judicial decision be applied to PCR proceedings is whether the decision is substantive or procedural. *Goosman v. State*, 764 N.W.2d 539, 542 (Iowa 2009). Chadwick argues *Smith* is substantive. "[F]ederal due process only requires retroactive application of clarifications to existing substantive law, not changes to substantive law." *Nguyen v. State*, __ N.W.2d __, __, 2016 WL 920320, at *9 (Iowa 2016).

PCR actions are subject to a three-year statute of limitations. *See* Iowa Code § 822.3 (2013). Chadwick's action is untimely, unless he can show "a ground of fact or law that could not have been raised within the applicable time period." *Id.* Presumably, Chadwick believes the *Smith* holding satisfies this requirement.[2]

---

[1] The *Smith* Court advised that "[i]n the future" a court instructing on joint criminal conduct "should incorporate the elements of joint criminal conduct as set forth in this opinion, rather than instructing the jury with the general language of section 703.2." 739 N.W.2d at 295. The district court "should also instruct the jury on the separate public offense supporting a theory of joint criminal conduct." *Id.*

[2] Problematically, this 2013 filing still comes more than three years after *Smith* was decided in 2007.

*Smith*, to Chadwick, is thus both Scylla and Charybdis. If *Smith* is a clarification of existing substantive law, it may be applied retroactively, but it is not a new ground of fact or law, and his claim is time-barred. If *Smith* is a change to substantive law, it may be a new ground of fact or law, but we are not required to apply it retroactively to Chadwick's case.[3] What Chadwick does not explain is how *Smith* can be both a clarification of the law and a ground he could not have raised within the three-year time bar. *See Perez v. State*, 816 N.W.2d 354, 361 (Iowa 2012). Given that internal contradiction, he cannot prevail.

We agree with the decision of the district court and affirm its dismissal of Chadwick's PCR application without further opinion pursuant to Iowa Court Rule 21.26(1)(d) and (e).

**AFFIRMED.**

---

[3] We are not required to do so, and generally, "the task of materially altering substantive or procedural rights is best left to the General Assembly or the Supreme Court of Iowa." *Spencer v. Philipp*, No. 13-1887, 2014 WL 4230223, at *2 (Iowa Ct. App. Aug. 27, 2014).