STATE of Iowa, Appellee,

v.

Teddy J. TeBOCKHORST, Appellant.

No. 64264.

Supreme Court of Iowa.

May 13, 1981.

Judd Golden of Flagg, Hockett, Benhart & Golden, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Merle Wilna Fleming, Asst. Atty. Gen., and Gerald N. Partridge, Asst. County Atty., Washington, for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Teddy J. TeBockhorst appeals his convictions by jury and sentences for arson in the second degree, in violation of sections 712.1 and 712.3, The Code 1979, and possession with intent to deliver a controlled substance, marijuana, in violation of section 204.401(1), The Code 1979. We find merit in his contentions that the trial court erred in instructing the jury on the arson charge and in holding the evidence was sufficient for jury submission of the profit element in the drug charge. As a result, we reverse.

In the morning of January 27, 1979, defendant was traveling on highway 22 in Washington County in a 1969 Dodge van. The vehicle skidded on ice and left the road, becoming stuck in a snow-filled ditch. When other persons arrived at the scene, defendant was outside the van with his two doberman pinscher dogs, and the van was on fire. Firefighters were called and put out the fire. Investigators found gasoline on the surface of materials in the van. Included among these materials was a green leafy substance later identified as marijuana. In its wet condition the marijuana weighed approximately three pounds.

Following their investigation, the officers arrested defendant and charged him with the offenses for which he was later tried. In this appeal from his convictions, he contends the trial court erred in denying a mistrial based on prosecutor misconduct, in instructing the jury on ownership of the van, in refusing to acquit him of the charge of possession of marijuana with intent to deliver for the purpose of making a profit, and in instructing the jury on the included offense of possession of marijuana with intent to deliver as an accommodation. The issues concerning the instruction on owner-ship of the van and the evidence of intent to make a profit are determinative of the appeal.

■ I. *The instruction on ownership of the van.* Arson is defined as follows in section 712.1:

Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged. Provided, that where a person who owns said property which the defendant intends to destroy or damage, or which he or she knowingly endangers, consented to the defendant's acts, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way as not to unreasonably endanger the life or property of any other person the act shall not be arson.

In relevant part, arson in the second degree is established when the property which the defendant intends to destroy or damage is personal property of more than $500 in value. § 712.3.

In defending the charge, defendant denied he set fire to the van. He also contended he owned the van and it was not insured, so that, even if he did start the fire, the owner consented to the act and no insurer was exposed to any fraudulent risk or any other person's property endangered.

Considerable evidence was received on the ownership issue. The van was titled in Illinois in the name of Diane Christiansen of Round Lake, Illinois. Defendant testified he purchased the van from Christiansen in December 1978 for $100. At the request of a Washington County deputy sheriff, authorities in Illinois contacted Christiansen. Subsequently a woman identifying herself as Diane Christiansen telephoned the Washington County sheriff's office. In response to a deputy's questions, she confirmed defendant's story about his

purchase of the van. She estimated the sale date was December 18, 1978. She also said she had not insured the vehicle.

Defendant had been seen driving the vehicle for some time before January 24, 1979. No reports were received that the vehicle was stolen. No one claimed it during the nine months between the date of defendant's arrest and his trial. However, defendant identified Diane Christiansen as owner of the vehicle on his accident report. The administrator of the vehicle records division of the Illinois Secretary of State's office testified the van was still registered in Christiansen's name at the time of trial.

The court instructed the jury on defendant's ownership defense. The court told the jury, without objection, that it should acquit defendant of the arson charge unless the State proved beyond a reasonable doubt that the owner did not consent to the act of the defendant or that the act was done in such a way that the property of another was unreasonably endangered. The correctness of that instruction is not challenged.

Defendant's complaint concerns an additional instruction which was as follows:

Under the laws of Iowa, with certain exceptions not applicable here, no person shall acquire any right, title, claim, or interest in or to any vehicle from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle, and the transferee shall, within seven calendar days after purchase or transfer, apply for and obtain from the county treasurer of the person's residence a transfer of registration and a new certificate of title for such vehicle.

This instruction was based on sections 321.-45(2) and 321.46. It accurately paraphrases the statutory provisions. Defendant contends the court erred in instructing the jury that a certificate of title is conclusive on the ownership issue in an arson case. Defendant objected to the instruction on the ground that registration is not conclusive on the issue of transfer of interest in the vehicle between buyer and seller and that the title statute's purpose to prohibit fraud

is not served by making it conclusive. We believe this objection was sufficient to preserve error.

Ownership is not defined in the arson statute. However, property, which is the subject of arson, is defined. It is "anything of value, whether publicly or privately owned." § 702.14. The term includes tangible and intangible property, labor and services, and all that is embraced in "real property" and "personal property." *Id.* Thus, any property may be the subject of arson. It seems reasonable that the legislature intended ownership to have the same meaning in relation to all property. In this context, we believe ownership has its general meaning. A typical definition of ownership appears in Black's Law Dictionary 997 (5th Ed. 1979):

Collection of rights to use and enjoy property, including the right to transmit it to others.... The complete dominion, title, or proprietary right in a thing or claim. The entirety of the powers of use and disposal allowed by law.

The right of one or more persons to possess and use a thing to the exclusion of others. The right by which a thing belongs to some one in particular, to the exclusion of all other persons. The exclusive right of possession, enjoyment, and disposal; involving as an essential attribute the right to control, handle and dispose.

The legislature did not intend to proscribe burning of one's own property when another's rights are not affected. *See* 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 273 at 72 (1979).

The issue here is whether a certificate of title is conclusive of ownership when a motor vehicle is the subject of arson. This court held in *Sandhorst v. Mauk's Transfer, Inc.,* 252 N.W.2d 393, 398 (Iowa 1977), that it is not conclusive between a buyer and seller in a conditional sales contract:

We believe the proper interpretation of section 321.45(2) requires that as between immediate buyer and seller to a conditional sales agreement involving a motor vehicle, the certificate of title is prima

facie but not conclusive proof of ownership. To hold otherwise allows the statute to be used as a sword rather than a shield, a result certainly never intended by our legislature.

The reasoning of *Sandhorst* applies in this case. Third-party rights are not implicated in the ownership issue. The certificate of title was in the name of Diane Christiansen, but the jury could find she had sold the vehicle to defendant. Between them defendant would have an owner's rights in the vehicle despite the failure of one or both of them to comply with the statutes relating to title transfer. If defendant had purchased the vehicle but Christiansen and he had merely failed to comply with statutory requirements to put title in his name, he nevertheless had the right to possess and use the vehicle to the exclusion of others. This included an exclusive right to control, handle and dispose of the vehicle within the limits of the law.

As the concept is employed in the arson statute, the jury could thus find that defendant owned the van. Therefore the jury could find that, as owner, he had consented to the burning. However, we do not agree with defendant's view that his purchase of the vehicle must be taken as a verity. The certificate of title was evidence from which the jury could find Christiansen owned the vehicle, and the jury was not obliged to believe the evidence to the contrary. We simply hold that the certificate of title was not conclusive of ownership in these circumstances.

Because the court's instruction denied defendant the right to have the jury make a finding that he owned the vehicle for purposes of the arson statute, he is entitled to reversal and new trial on the arson charge.

■ II. *Sufficiency of evidence of intent to profit.* Defendant contends the trial court erred in overruling his motion for acquittal of the charge of possession of marijuana with intent to deliver for the purpose of making a profit. He admits the evidence was sufficient for submission of the included offenses of possession with intent to deliver as an accommodation and

possession. These offenses and their elements are explained in *State v. Metcalf*, 260 N.W.2d 857, 859–60 (Iowa 1977). The major offense requires proof that the possession with intent to deliver be "for the purpose of making a profit." We defined profit in *State v. Didley*, 264 N.W.2d 732, 733 (Iowa 1978), as an "excess of return over expenditures." Defendant asserts the record lacked substantial evidence on this element. On that basis he contends the court should have acquitted him of that charge.

The charge is materially different under the present Code. Section 204.410 has been amended to eliminate the profit element from the major offense. *See* § 204.410, The Code 1981. The accommodation offense is applicable only in marijuana cases and is contingent solely on the possession of one ounce or less of marijuana. The charge in the present case, however, involves the prior statute which required proof of the profit element.

In addition to evidence that the marijuana weighed approximately three pounds when wet, the record includes an opinion of a State expert that the quantity was larger than an individual would ordinarily keep for personal use. Indeed, defendant testified he planned to give some of the marijuana to friends. He said the marijuana was "home-grown." The expert said 642 marijuana cigarettes could be prepared from the quantity involved. However, the record is devoid of any evidence of special packaging, value, or drug paraphernalia. No evidence of actual or attempted sale was offered. The State showed defendant's employment as a house painter had been sporadic. It also sought to show defendant used his dogs to guard the van in which the marijuana was found.

The statute involved in this case appears to be unique. Statutes in other jurisdictions proscribe possession with intent to distribute or with intent to sell, but none appears to require proof that the sale be for the purpose of making a profit. *See, e. g.,* 21 U.S.C. § 841(a)(1) (1976) (unlawful to manufacture, distribute, or dispense); Kan. Stat.Ann. 65–4127a (1980) (unlawful to con-

trol, possess with intent to sell, sell, or possess with intent to deliver); N.H.Rev. Stat.Ann. 318–B:26(1)(a) (Supp.1979) (unlawful to possess with intent to sell); Wis. Stat.Ann. § 161.41(1) (1979) (unlawful to manufacture or deliver). The uniqueness and difficulty of proof under the Iowa statute may have motivated the legislature to enact the 1980 amendment to section 204.-410.

In any event, we conclude that proof of intent to deliver for the purpose of making a profit is insufficient in the present case. The evidence on that element does not rise above suspicion and conjecture.

No issue exists concerning the sufficiency of evidence of possession with intent to deliver as an accommodation. Defendant admitted he intended to give marijuana to friends. Thus we are not required to decide whether the evidence of quantity and other circumstances would have been sufficient to generate a jury question on that element. *Cf. State v. Boyd*, 224 N.W.2d 609, 612–13 (Iowa 1974) (evidence of quantity, packaging, and drug paraphernalia sufficient on the intent to deliver element); *United States v. Staten*, 581 F.2d 878, 886 (D.C.Cir. 1978) ("intent to distribute may be inferred from possession . . . of a quantity of drugs larger than needed for personal use").

Because the evidence on the profit element was insufficient in this case, the trial court erred in overruling defendant's motion for acquittal of the major charge. We reverse the subsequent conviction and sentence.

This disposition does not affect the State's right upon remand to try defendant on the included offenses. Although defendant was in jeopardy on the included offenses at trial, he was neither convicted nor acquitted of them. Our holding relating to insufficiency of the evidence is limited to the major offense of possession with intent to deliver for the purpose of making a profit. The element on which the evidence was insufficient is not an element of the included offenses. These circumstances distinguish the situation from that in *Hudson v. Louisiana*, —— U.S. ——, 101 S.Ct. 970,

67 L.Ed.2d 30 (1981). Defendant's jeopardy on the included offenses is deemed to be continuing upon retrial, thereby making retrial possible on those offenses. *See Jeffers v. United States*, 432 U.S. 137, 152, 97 S.Ct. 2207, 2217, 53 L.Ed.2d 168, 181 (1977).

III. *Additional assignments of error.* Defendant also seeks reversal based on alleged prosecutor misconduct and error in the instruction on the accommodation offense. The State contends defendant failed to preserve error on these assignments. Because we reverse on other grounds, we need not determine whether error was preserved. We address these assignments only to provide guidance to the court and parties upon retrial.

During final argument, the prosecutor told the jury he worked late at night during the trial in an effort to satisfy himself that the State's theory of the case on the arson charge was true. He described conversations with his wife on those occasions. Finally, he said these efforts were productive because he became convinced defendant was guilty of the charge. He said:

> I know that's how he did it. His story is as good as mine. That's the issue: did [the van] roll? Because if it rolled, all the guilt feelings and bad feelings I felt three days ago about this trial you're telling me I should feel right now, and I will . . . . but I am right. I am right.

It is misconduct for counsel to create evidence by argument or express a personal belief regarding the defendant's guilt. *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975). We trust this problem will not recur upon retrial.

The issue regarding the accommodation instruction concerns the elements of the accommodation offense. The elements of that offense are delineated in *State v. Metcalf*, 260 N.W.2d at 860. Upon retrial those are the elements of the accommodation offense upon which the jury should be instructed.

For the reasons stated in divisions I and II, both judgments are reversed.

REVERSED.