STATE of Iowa, Plaintiff–Appellee,

v.

Rex Allen POPPE, Defendant–Appellant.

No. 92–61.

Court of Appeals of Iowa.

Feb. 23, 1993.

Linda Del Gallo, State Appellate Defender, and Patricia Cone–Fisher, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., David A. Ferree, Sp. Asst. Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellee.

Considered by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant Rex Allen Poppe appeals his conviction of two counts of second-degree sexual abuse in violation of Iowa Code sections 709.1(3) and 709.3(2) and two counts of lascivious acts with a child in violation of Iowa Code section 709.8 (1991). We affirm.

Defendant was charged with improperly touching his eight-year-old and four-year-old daughters. Defendant was divorced from the girls' mother, and she had physical care of the girls. The events that formed the basis of the charges occurred during defendant's visitation.

Defendant's two daughters and the daughter of defendant's girl friend climbed in bed with defendant after his girl friend, who he had been sleeping with, left the house to go to work. According to the daughters' testimony, defendant tickled them and touched them in the crotch and on their butts. The girls told their mother, who several days later reported the events. Defendant was charged and convicted following a jury trial. He appeals.

■ Defendant's first contention is the prosecutor committed misconduct in her opening statement and in her closing argu-

ment. During opening statement the prosecutor said:

> In short, the Defendant has committed these crimes. In a sense he has dared the State to prove that he has committed them, and the State has no reason to prosecute anyone other than those that are guilty, so the State will prove to you that the defendant is guilty beyond a reasonable doubt. And at the conclusion of the case, I will ask that you return a verdict of guilty on all counts.

No objection was made to the challenged remarks during the State's opening statement. Defendant did challenge the remarks in his posttrial motions.

Defendant contends in these opening remarks the State's attorney improperly expressed a personal belief he was guilty. The State admits an objection when the statement was made might have been sustained. The State alleges, however, even if the objection might have been sustained, defendant must show his trial counsel was incompetent in failing to object.

The *Iowa Code of Professional Responsibility for Lawyers* DR 7–106(C) provides in applicable part:

> In appearing in his [or her] professional capacity before a tribunal, a lawyer shall not:
>
>     *     *     *     *     *     *
>
> (4) Assert his [or her] personal opinion as to the justness of a cause, ... or as to the guilt or innocence of any accused; but he [or she] may argue, on his [or her] analysis of the evidence, for any position or conclusion with respect to the matters stated herein.
>
>     *     *     *     *     *     *

■ It is misconduct for counsel to create evidence by argument or express a personal belief regarding the defendant's guilt. *State v. TeBockhorst*, 305 N.W.2d 705, 709 (Iowa 1981); *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975). An attorney's expression of a personal belief that is not stated as a reasonable inference from the record is barred because such a statement is a form of "unsworn, unchecked testimony and tends to exploit the influence of [the

prosecutor's] office and undermine the objective detachment which should separate a lawyer from the cause for which he or she argues." *See State v. Williams*, 334 N.W.2d 742, 745 (Iowa 1983) (citing *ABA Standards, The Prosecution Function*).

The prosecutor's statements in opening that "clearly the defendant has committed these crimes," and "the State has no reason to prosecute anyone other than those that are guilty," were personal opinions of the prosecutor of defendant's guilt. They were improper.

█ The question, therefore, is whether defendant has shown his trial attorney was ineffective in failing to object to the statements. To gain relief on a claim of ineffective assistance of counsel a convicted person must prove both a breach of an essential duty and prejudice. *See Morgan v. State*, 469 N.W.2d 419, 426 (Iowa 1991); *State v. Broughton*, 450 N.W.2d 874, 876 (Iowa 1990). To show a breach of an essential duty by his trial counsel the defendant must show the lawyer's performance was outside the range of normal competency. *See Pettes v. State*, 418 N.W.2d 53, 56 (Iowa 1988). The improper comments by the prosecutor were followed by the prosecutor's statement that the State had the burden to prove defendant guilty beyond a reasonable doubt. The prosecutor thereby moderated her earlier statement. We do not on this record find defendant has met his burden of showing ineffective assistance of counsel.

█ Defendant next contends the prosecutor made an improper closing argument when the prosecutor argued:

When the defendant committed these crimes ... he was counting on the girls not to tell anyone. That didn't work. Then he counted on no one to believe them. That didn't work either. Then he counted on the girls not being able to come in here. Part of it worked. [M.P.] didn't come, [A.R.] came in; then she said he didn't do it. Of course, all the evidence proves that that did happen to her. And now he's counting on you, too. You're his last straw, but the girls are counting on you, too. Let them know

that you believe them and that you'll help protect them by following the law that the Judge will read to you.

In posttrial motions defendant asserted it was not proper for the State to argue that defendant if found not guilty was cheating the system and the defendant was in court to run a bluff in hope the victims would not testify. Defendant advanced these statements gave the appearance the State did not have the burden of proof. The trial court overruled the objection saying the challenged remarks could arguably be considered permissible comment under the circumstances.

█ In closing argument it is permissible to analyze the evidence in argument. But the prosecuting attorney once again gave her own opinion defendant was guilty. She said, "the defendant committed these crimes" rather than arguing certain evidence shows defendant committed these crimes. Furthermore, the prosecutor's suggestions about defendant counting on the witnesses not coming in to testify comes extremely close to suggesting the State does not bear the burden of proving defendant's guilt. We do not condone such argument. We do not, however, find the remarks sufficiently prejudicial to require reversal.

█ Defendant next contends the trial court erred by allowing the State to use defendant's prior theft conviction for impeachment. Defendant testified at trial. The State on cross-examining defendant asked defendant if he were convicted of theft in the third degree in March 1988. Defendant asked for the jury to be excused. Defendant contended evidence of the theft was prejudicial and the prejudice outweighs any possible probative value. The State makes a preservation of error argument which we find to be without merit. It is clear from reading the record made when the jury was excused that the trial court understood defendant to be objecting that the evidence was outweighed by its prejudice.

█ Iowa Rule of Evidence 609(a), (b) provides the admissibility of the prior con-

viction rests within the discretion of the trial court. *See State v. Martin*, 217 N.W.2d 536, 544 (Iowa 1974). The question is whether the trial court abused this discretion. *See State v. Christensen*, 323 N.W.2d 219, 222 (Iowa 1982). Defendant claims the trial court did not make a finding as to why the probative value outweighed the prejudice. We disagree. The trial court did not abuse its discretion.

 Defendant's last claim is his trial counsel was not effective because he failed to investigate statements made by his girl friend's daughter to her guardian ad litem that she had lied about defendant touching her.

The girl friend's daughter testified at trial defendant did not touch her in her private parts and he only tickled her. A deputy sheriff testified at trial when he investigated the allegations the girl friend's daughter told him defendant touched her in her private parts. Defendant called the child's mother who testified the child had told her she lied about defendant touching her and the child said she told her guardian ad litem she lied.

Defendant's trial counsel was made aware several days before trial the girl told her guardian ad litem she lied. It is defendant's contention his trial counsel was not effective because he failed to investigate the alleged statements made to the guardian ad litem. Defendant contends this was necessary because the State had attacked the girl's mother's testimony by implying her romantic interest in defendant motivated her to influence her daughter to recant her testimony.

 The State first argues because the guardian ad litem was the child's attorney, her testimony was protected by the attorney-client privilege and she could not be required to reveal the details of the communication. What the State fails to recognize in its argument is the attorney-client privilege can be waived by the client. *See Shepherd v. McGinnis*, 257 Iowa 35, 46–47, 131 N.W.2d 475, 482 (1964); *Knigge v. Dencker*, 246 Iowa 1387, 1396, 72 N.W.2d 494, 499 (1955). We cannot as-

sume the client would not have waived the privilege.

 The State next argues defendant was not prejudiced because the mother testified the child had told her guardian ad litem she lied and the child herself testified defendant did not touch her.

The child testified at trial. The jury was in a position of making its own credibility assessment. Defendant has not shown the required prejudice.

**AFFIRMED.**