# IN THE COURT OF APPEALS OF IOWA

No. 18-0253
Filed October 24, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARMEN LEDESMA,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Henry County, John M. Wright, Judge.


The defendant challenges her conviction and sentence for arson in the second degree.  **CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**


Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.


Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**McDONALD, Judge.**

In this direct appeal, Carmen Ledesma challenges her conviction and sentence for arson in the second degree, in violation of Iowa Code sections 712.1(1) and 712.3 (2017). On appeal, Ledesma contends her guilty plea lacked a factual basis and her conviction must be vacated. She also contends the district court's order of restitution is not supported by the evidence. We address each claim in turn.

I.

We first address the defendant's challenge to her guilty plea. As a general rule, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). It is not disputed Ledesma failed to file a motion in arrest of judgment. Thus, her direct challenge to her guilty plea is barred.

Ledesma acknowledges her direct challenge to her guilty plea is barred, but she indirectly asserts her challenge within the framework of a claim of ineffective assistance of counsel. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006) (holding the failure to file a motion in arrest of judgment "does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"). Although a claim of ineffective assistance of counsel is frequently categorized as an exception to error preservation rules, that categorization is not entirely accurate. "Ineffective assistance of counsel . . . is a stand-alone constitutional claim attacking the performance of a criminal defendant's counsel." *State v. Johnson,* 416 P.3d 443, 451 (Utah 2017). "While

such a claim necessarily requires the court to look at the substantive issue the defendant argues his counsel should have raised, and whether the substantive issue had any merit, the substantive issue is only viewed through the lens of counsel's performance." *Id.* Typically, this court, as a court of error correction, would not address a claim not presented to the district court or an error not preserved in the district court. *See* Iowa Code § 602.5103(1) (providing the court of appeals "constitutes a court for correction of errors at law"); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). However, the Code specifically authorizes this court to address a claim of ineffective assistance of counsel on direct appeal from criminal proceedings. *See* Iowa Code § 814.7(2) ("A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal."). Because the Code authorizes our review of a constitutional claim of ineffective assistance of counsel on direct appeal from a criminal proceeding, we proceed to the merits.

"The person claiming that her trial attorney was ineffective, depriving her of her Sixth Amendment right to counsel, must show that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom." *Taylor v. State*, 352 N.W.2d 683, 684-85 (Iowa 1984) (altered for readability). A defendant must prove these elements by a preponderance of the evidence. *See id.* at 685. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v.*

*Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Prejudice is inherent where the guilty plea is not supported by a factual basis. *See id.*

"The court . . . shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b); *accord State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010). In determining whether a guilty plea has a factual basis, "this jurisdiction has no requirement that [the] trial court must in all cases wring from defendant a detailed confession satisfying each element of the offense charged." *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974). The court can find a factual basis by "(1) inquiring of the defendant, (2) inquiring of the prosecutor, and (3) examining the presentence report." *State v. Finney*, 834 N.W.2d 46, 56 (Iowa 2013). In addition, the district court may look to the minutes of evidence where the minutes are acknowledged during the plea colloquy. *See id.* at 57. The relevant inquiry is whether the record before the district court supports a factual basis for each element of the offense. *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014); *State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *3-4 (Iowa Ct. App. June 13, 2012) (collecting cases).

We turn to the elements of the offense. The Code defines arson as follows:

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property is actually destroyed or damaged. Provided, that where a person who owns said property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, consented to the defendant's acts, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way

as not to unreasonably endanger the life or property of any other person the act shall not be arson.

Iowa Code § 712.1(1). "Arson which is not arson in the first degree is arson in the second degree" if the property in question is worth more than $500. *See* Iowa Code § 712.3. As relevant here, the uniform criminal jury instruction sets forth the elements of arson in the second degree as follows: (1) That the defendant caused a fire or explosion in or near property or placed a burning, combustible, incendiary, or explosive material or device in or near property; (2) The material was a combustible, incendiary or explosive material or device; (3) The defendant intended to destroy or damage the property; (4) the property was personal property, and (5) the identified property's value exceeded $500. *See* Iowa State Bar Ass'n, *Iowa Crim. Jury Instruction* 1200.3 (identifying elements for arson in the second degree).

We have little trouble concluding there is a factual basis to support each of the preceding elements. The record reflects Ledesma's son was a suspect in a murder case and Ledesma set fire to his car, most likely to destroy evidence in the murder investigation. She was charged with arson in the second degree and as an accessory to murder. To resolve the charges, she pleaded guilty to arson in the second degree. The relevant plea record shows there were towels and rags in the vehicle and Ledesma used incendiary material—petroleum distillate, including mineral spirts, special industrial solvents, and charcoal starters—to set the car on fire with the intent to destroy it. This finding was supported by the minutes of evidence, a forensic report, and the plea colloquy:

> THE COURT: Ms. Ledesma, did you hear the statement of facts that Mr. McDonald placed on the record?

THE DEFENDANT: Yes.
THE COURT: Do you dispute anything that he said?
THE DEFENDANT: No.
THE COURT: Do you agree then that on February 12 of 2017 here in Henry County you started a fire as he described in this 2006 Impala?
THE DEFENDANT: Yes.
THE COURT: And did you know at that time that it would probably be destroyed or damaged?
THE DEFENDANT: Yes.
THE COURT: Did you do it with the intent to destroy or damage the car?
THE DEFENDANT: Yes.
THE COURT: Do you agree that that car at the time had a value in excess of $500?
THE DEFENDANT: Yes.

The defendant's admissions in conjunction with the remaining plea record are sufficient to support a factual basis for the plea. *See Ortiz*, 789 N.W.2d at 768.

Ledesma does not contest the record establishes a factual basis for each of the preceding elements. Instead, she contends the State was also required to establish, as an element of the offense, the owner of the property did not consent to the defendant's acts. In support of her argument, Ledesma relies on the second sentence of the statutory definition of arson:

> Provided, that where a person who owns said property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, *consented to the defendant's acts*, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way as not to unreasonably endanger the life or property of any other person the act shall not be arson.

Iowa Code § 712.1 (emphasis added). The State contends the property owner's lack of consent to the defendant's acts is not an element of the offense. Instead, the State contends, the property owner's consent to the defendant's acts is an affirmative defense, which need not be addressed as part of the factual basis in the plea proceeding.

In reviewing the party's arguments and the relevant authorities, we conclude the State has the better of the argument. The State's interpretation of the statute is supported by case law. In *State v. TeBockhorst*, 305 N.W.2d 705 (Iowa 1981), the supreme court categorized the owner's consent as an affirmative defense. Specifically, the supreme court stated, "In *defending* the charge, defendant . . . contended he owned the van and it was not insured . . . ." *Id.* at 706 (emphasis added). The opinion went on to describe consent as the "ownership defense." *Id.* at 707. The supreme court's conclusion that owner's consent is a defense is supported by persuasive authorities. *See People v. White*, 317 N.E.2d 273, 274 (Ill. App. Ct. 1974) ("Thus it appears that the legislature did not intend to introduce a new element into the statutory definition of arson by inserting the phrase 'without his consent', and that the statutory plan contemplates that 'consent' is an affirmative defense."); *State v. Janvrin*, 441 A.2d 1144, 1145 (N.H. 1982) (holding owner's consent "is an affirmative defense and must be asserted by the defendant" in arson case).

This understanding of the statute is buttressed by the uniform criminal jury instruction. As noted above, the uniform jury instructions set forth only five elements to establish arson in the second degree. The instructions also provide that a court ought to instruct on the issue of consent only if the defendant raises the affirmative defense. *See* Iowa State Bar Ass'n, *Iowa Crim. Jury Instruction* 1200.3 (6) ("Use this paragraph only if affirmative defense of consent is raised by the defendant and supported by the evidence."). The uniform jury instruction is not binding, but they are entitled to respectful consideration. *See State v. Ambrose*, 861 N.W.2d 550, 559 (Iowa 2015) ("Normally, we are slow to disapprove the

uniform jury instructions."); *Ness v. H.M. Iltis Lumber Co.*, 128 N.W.2d 237, 240 (Iowa 1964) ("We disagree with one of these uniform instructions reluctantly.").

Because owner consent is an affirmative defense to and not an element of the offense of arson, there was no need to establish a factual basis with respect to this issue. "We consistently have ruled, on common-law grounds, that an affirmative defense places the burden of going forward with evidence, or production, on the defendant, but leaves the burden of persuasion on the prosecution." *State v. Wilt*, 333 N.W.2d 457, 462 (Iowa 1983); *accord State v. Lawler*, 571 N.W.2d 486, 489 (Iowa 1997). At that point, the burden returns to the State to disprove the defense beyond a reasonable doubt. *See Lawler*, 571 N.W.2d at 489. A guilty plea waives any defense to the charge. *See State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). Thus, owner's consent is not implicated here.

We hold that the property owner's consent to the defendant's acts is an affirmative defense to the charge of arson on which the defendant has the burden of production. Because owner's consent is not an element of the offense, there was no need to make a factual basis on this point. *See, e.g.*, *State v. Spencer*, No. 12-1329, 2013 WL 264214, at *2 (Iowa Ct. App. Jan. 24, 2013) (holding state was not required to establish no factual basis for justification defense to assault charge). Counsel thus had no duty to file a motion in arrest of judgment to challenge the factual basis for the guilty plea. *See State v. Arterburn*, No. 16-2122, 2017 WL 4050173, at *4 (Iowa Ct. App. Sept. 13, 2017) ("Under the circumstances, there was a factual basis for the plea, and counsel was not ineffective in failing to

challenge the guilty plea proceeding on this ground."). The defendant has not established an entitlement to relief on this claim.

## II.

Ledesma also challenges the restitution ordered. Specifically, she challenges the district court's order that she pay restitution in the amount of $500 to the New London Fire Department. We review restitution orders for correction of errors at law. *See State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001).

Offenders must pay pecuniary damages to the "victims of the offender's criminal activities." Iowa Code § 910.2(1). Iowa Code Section 910.1(5) defines a "victim" as "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Pecuniary damages are damages a victim could recover in civil suit. *See* Iowa Code § 910.1(3). A governmental entity can be a victim eligible for restitution. *See State v.* Hagen, 840 N.W.2d 140, 147 (Iowa 2013) (providing the statutory term "person" includes the government pursuant to Iowa Code section 4.1); State *v. Taylor*, 506 N.W.2d. 767, 768 (Iowa 1993); *State v. Wagner*, 484 N.W.2d 212, 214 (Iowa Ct. App. 1992).

The State correctly concedes the restitution order is not supported and must be vacated. In this case, the record does not establish the fire department suffered "pecuniary damages" that would qualify it as a restitution-eligible victim within the meaning of the Code. We thus vacate that part of the district court's judgment.

## III.

The defendant failed to establish her counsel breached an essential duty in not filing a motion in arrest of judgment to challenge the factual basis of her guilty plea. We thus affirm the defendant's conviction. The district court's order of

restitution in the amount of $500 to the New London Fire Department is not supported by the record. We vacate that portion of the order and remand this matter for the entry of a corrected sentencing order. We do not retain jurisdiction.

**CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND REMANDED.**