# IN THE COURT OF APPEALS OF IOWA

No. 18-0048
Filed November 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LARRY LEROY GROSS JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Defendant challenges his guilty plea to arson in the second degree.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie M. Krickbaum, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Defendant Larry Gross Jr. pleaded guilty to arson in the second degree, in violation of Iowa Code sections 712.1 and 712.3 (2017). In this direct appeal, Gross contends his guilty plea lacked a factual basis and his conviction must be vacated.

The defendant failed to challenge his guilty plea in the district court by filing a motion in arrest of judgment. "Generally, a defendant's failure to file a motion in arrest of judgment bars a direct appeal of [a guilty plea]." *State v. Hopwood*, No. 13-1480, 2014 WL 5476008, at *1 (Iowa Ct. App. Oct. 29, 2014); *accord* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."). However, a defendant can challenge a guilty plea indirectly "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." *Hopwood*, 2014 WL 5476008, at *1*; accord Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014) ("[A] defendant may attack his or her guilty plea on the ground the defendant did not receive effective assistance of counsel as required under the Sixth Amendment to the United States Constitution because there was no factual basis to support the defendant's guilty plea.").

Because Gross failed to file a motion in arrest of judgment to challenge his guilty plea, his claim is necessarily asserted within the ineffective-assistance framework. Although a claim of ineffective assistance of counsel is frequently categorized as an exception to our error preservation rules, that categorization is

not entirely accurate. "Ineffective assistance of counsel . . . is a stand-alone constitutional claim attacking the performance of a criminal defendant's counsel." *State v. Johnson*, 416 P.3d 443, 451 (Utah 2017). "While such a claim necessarily requires the court to look at the substantive issue the defendant argues his counsel should have raised, and whether the substantive issue had any merit, the substantive issue is only viewed through the lens of counsel's performance." *Id.*

Typically, this court, as a court of error correction, would not address a claim not presented to the district court or an error not preserved in the district court. *See* Iowa Code § 602.5103(1) (providing the court of appeals "constitutes a court for the correction of errors at law"); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). However, the Code specifically authorizes appellate courts to address a claim of ineffective assistance of counsel on direct appeal from criminal proceedings. *See* Iowa Code § 814.7(2) ("A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal."). Because the Code authorizes our review of a constitutional claim of ineffective assistance of counsel on direct appeal from a criminal proceeding, we proceed to the merits.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Jones v. State*, 545

N.W.2d 313, 315 (Iowa 1996). "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Furthermore, when counsel allows a defendant to plead guilty to a crime that is not supported by a factual basis, prejudice is inherent. *See State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010); *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001); *Schminkey*, 597 N.W.2d at 788.

Before the district court accepts a guilty plea, the district court must satisfy itself the guilty plea is supported by a factual basis. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Amadeo*, No. 11-1426, 2012 WL 2122262, at *1 (Iowa Ct. App. June 13, 2012). "A factual basis can be discerned from . . . : (1) inquiry of the defendant, (2) inquiry of the prosecutor, (3) examination of the presentence report, and (4) minutes of evidence." *Ortiz*, 789 N.W.2d at 768; *accord Amadeo*, 2012 WL 2122262, at *1. The relevant inquiry is whether the record before the district court supports a factual basis for each element of the offense. *See Rhoades*, 848 N.W.2d at 29; *Amadeo,* 2012 WL 2122262, at *3-4 (collecting cases). The court need "only be satisfied that the facts support the crime, 'not necessarily that the defendant is guilty.'" *Keene*, 630 N.W.2d at 581 (quoting 1A Charles Alan Wright, *Federal Practice and Procedure* § 174 (1999)).

To determine whether Gross's guilty plea is supported by a factual basis, we first turn to the elements of the offense. The Code defines arson as follows:

> Causing a fire or explosion, or placing any burning or combustible material, or any incendiary or explosive device or material, in or near any property with the intent to destroy or damage such property, or with the knowledge that such property will probably be destroyed or damaged, is arson, whether or not any such property

is actually destroyed or damaged.  Provided, that where a person who owns said property which the defendant intends to destroy or damage, or which the defendant knowingly endangers, consented to the defendant's acts, and where no insurer has been exposed fraudulently to any risk, and where the act was done in such a way as not to unreasonably endanger the life or property of any other person the act shall not be arson.

Iowa Code § 712.1(1).

Arson which is not arson in the first degree is arson in the second degree when the property which is the subject of the arson is a building or a structure, or real property of any kind, or standing crops, or is personal property the value of which exceeds five hundred dollars.

Iowa Code § 712.3.

We have little trouble concluding Gross's plea is supported by a factual basis.  The record reflects Gross set fire to his and his wife's home after becoming frustrated by financial problems.  The fire was put out fairly quickly without substantial damage to the home.  The State charged Gross with arson in the first degree but reached an agreement in which Gross would plead guilty to arson in the second degree.  During the plea colloquy, the defendant stated he knew his wife's personal property would be destroyed in the house fire and the property was worth more than $500:

> MR. ALLEN: What about your wife?  Did she have things in [the house]?
> THE DEFENDANT: Yes, sir.
> MR. ALLEN: Okay. So your fire put her property at a risk of being destroyed as well as your own property; is that right?
> THE DEFENDANT: Yes, sir.  Yes, sir.
> MR. ALLEN: Okay.  Thank you, Your Honor.  I have no further questions.
> THE COURT: Did she—what kind of property did she have in the house?  Clothing?
> THE DEFENDANT: Clothing, TV, stereos.
> THE COURT: Furniture?
> THE DEFENDANT: Yes.

> THE COURT: And if that fire had been allowed to destroy the whole house, it would have also destroyed the property of your wife; is that true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And would you agree with me that the value of her property that was in that house was more than $500?
>
> THE DEFENDANT: Yes, sir.

The defendant's statements, along with other evidence in the record, provided a factual basis to support Gross's plea under the "personal property" alternative of arson in the second degree. *See State v. Ledesma*, No. 18-0253, 2018 WL 5291356, at *4 (Iowa Ct. App. Oct. 24, 2018) (finding that defendant's admissions that she started a fire in a vehicle and that the vehicle was worth more than $500, "in conjunction with the remaining plea record was sufficient to support a factual basis for the plea").

Gross contends the "personal property" alternative of the statute is inapplicable here because the State's theory of the case was the "building or structure" alternative set forth in the statute. Gross's contention has some support in the record:

> THE COURT: Now, the State claims that on or about June 29th of this year [Gross] committed arson in the second degree, that [Gross] caused a fire in a home with the intent to destroy or damage that property, and that [Gross] could reasonably anticipate that property would be destroyed, and the value of the property was more than $500.
>
> [. . . . ]
>
> THE STATE: You mentioned the charging alternative of personal property over $500, I—as arson second, I think the facts in this case fit better that it's a building.
>
> [. . . . ]
>
> THE COURT: Okay. All right. Yeah. Second-degree arson would require that the damage be done to a building or a structure or real property of any kind or standing crops or personal property that exceeds $500. So if I referred to the $500, I misspoke. This is charged in a manner that the arson occurred to a building or a structure.

Relying on this record, Gross further argues his guilty plea lacks a factual basis because under the "building or structure" alternative one cannot be convicted of arson for setting fire to one's own property absent an intent to defraud an insurer and there is nothing in the record to support an intent to defraud. *See* Iowa Code § 712.1(1).

We disagree with Gross's argument. The "personal property" alternative of committing arson in the second degree is applicable here. Gross was charged by trial information with arson in the first degree. When the State charges a defendant with a criminal offense, that charge carries with it all lesser included offenses. *See State v. Lipsey*, No. 13-1062, 2014 WL 3931434, at *2 (Iowa Ct. App. Aug. 13, 2014). Arson in the second degree is a lesser included offense of arson in the first degree. *See State v. Royer*, 436 N.W.2d 637, 641 (Iowa 1989). The statute sets forth different modes of committing the offense of arson in the second degree. The State did not file an amended trial information setting forth a specific theory of the case. While the prosecutor thought the "building or structure" alternative was applicable here, that did not preclude the district court from inquiring about another mode of committing the offense. The district court was not bound to limit its inquiry to only the prosecutor's theory. Instead, it was the district court's obligation to determine whether there was a factual basis supporting the defendant's guilty plea to the crime charged. Here, the district court made a record on the "personal property" alternative of committing the offense and satisfied itself the guilty plea to arson in the second degree was supported by a factual basis. There was no error

in doing so, and counsel was not ineffective in failing to challenge the plea on this basis.

Gross also contends there is not a factual basis supporting the conviction because the record does not show whether Gross's wife consented to the fire. This argument is contingent on the premise that lack of the property owner's consent is an element of the offense. This court recently rejected this premise. In *Ledesma*, this court held that "owner consent is an affirmative defense to and not an element of the offense of arson." *Ledesma*, 2018 WL 5291356, at *4. *Accord State v. TeBockhorst*, 305 N.W.2d 705, 706 (Iowa 1981) ("In *defending* the charge [of arson], defendant . . . [argued he] consented to the act." (emphasis added)); Iowa Crim. Jury Instructions 1200.3(6) (referring to consent to arson as an "affirmative defense" and stating that the jury should only be instructed on consent if the defendant raises the defense). Because consent is not an element of the offense, lack of consent need not be shown to establish a factual basis for a guilty plea to arson. *See Ledesma*, 2018 WL 5291356, at *4 ("Because owner's consent is not an element of [arson], there was no need to make a factual basis on this point. Counsel thus had no duty to file a motion in arrest of judgment to challenge the factual basis for the guilty plea." (citation omitted)).

Gross's guilty plea to the crime of arson in the second degree is supported by a factual basis. Counsel had no duty to file a motion in arrest of judgment to challenge the guilty plea. We thus reject Gross's claim of ineffective assistance of counsel. We affirm Gross's conviction.

**AFFIRMED.**